No. 05-415

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 135N

DAVID WAYNE NELSON,

   Petitioner and Appellant,

  v.

STATE OF MONTANA,

   Respondent and Respondent.

APPEAL FROM:   The District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 98-182,
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

    David Wayne Nelson, *pro se*, Deer Lodge, Montana

   For Respondent:

    Hon. Mike McGrath, Montana Attorney General, Jim Wheelis,
Assistant Attorney General, Helena, Montana

    George H. Corn, Ravalli County Attorney, Geoffrey T. Mahar,
Deputy County Attorney, Hamilton, Montana

        Submitted on Briefs: March 15, 2006

           Decided: June 20, 2006

Filed:

      _____

         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In November of 1999, following a jury trial in the District Court for the Twenty-First Judicial District, Ravalli County, David Wayne Nelson was convicted of aggravated kidnapping, robbery, and two counts of accountability for felony assault. Nelson appealed and we remanded for re-sentencing. *State v. Nelson*, 2002 MT 122, ¶ 2, 310 Mont. 71, ¶ 2, 48 P.3d 739, ¶ 2. Following re-sentencing, Nelson filed a *pro se* Petition for Post-Conviction Relief wherein he claimed that his attorney had provided ineffective assistance at trial. Nelson now appeals *pro se* from the District Court's dismissal of his Petition.

¶3 We conclude that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶4 It is manifest on the face of the briefs and the record before us that this appeal is without merit. Given this Court's limited resources, and the hundreds of parties awaiting resolution of meritorious appeals, we will not render a full written analysis explaining the numerous shortcomings in the instant appellate arguments challenging the District Court's decision.

¶5     We are consistently willing to make accommodations for *pro se* litigants by relaxing the technical requirements which do not impact fundamental bases for appeal.  However, appellants ultimately have the burden of establishing error by a district court.  *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26.  Nelson has failed in this regard.

¶6     Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS

3